ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 15 2003

LUTHER D. THOMAS, Clerk
By:
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THE PARADIES SHOPS, INC.,       )
                                )   CIVIL ACTION
     Plaintiff,                 )
vs.                             )   FILE NO:
                                )
HARTFORD FIRE INSURANCE         )   **1 03 CV 3154**
COMPANY, INC.,                  )
                                )   **JEC**
     Defendant.                 )

## NOTICE OF REMOVAL

Petitioner, Hartford Fire Insurance Company, (incorrectly sued as Hartford Fire Insurance Company, Inc.), hereby submits this Notice of Removal of the action herein referred to from the State Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, and respectfully shows to the Court the following:

1.

That Petitioner herein, Hartford Fire Insurance Company, is a Defendant in a civil action brought in the State Court of Fulton County, Georgia, entitled The Paradies Shops, Inc., vs. Hartford Fire Insurance Company, Inc., State Court of Fulton County, Civil Action File No: 03-VS-056327. Attached hereto and made a part hereof is:

9937984 v1

1. Exhibit "A" - A true copy of the original Complaint for Damages filed by Plaintiff in the State Court of Fulton County, Georgia;

The attachment hereto, Exhibit "A", constitutes all of the pleadings which have been filed in the subject case in the State Court of Fulton County, Georgia.

2.

That said action was commenced by service upon Hartford Fire Insurance Company, on September 15, 2003.

3.

This Petition is filed within thirty (30) days from the date of such service pursuant to 28 U.S.C. §1446 and Fed. R. Civ. Proc. 6(a).

4.

Petitioner shows that the controversy between the Plaintiffs and Petitioner is a controversy between a corporation incorporated under the laws of the State of Georgia and a corporation incorporated under the laws of the State of Connecticut, with its principal place of business in Connecticut.

9937984 v1

5.

Plaintiff was at the time of the commencement of this action and still is incorporated under the laws of the State of Georgia.

6.

Petitioner was at the time of the commencement of this action and still is a corporation incorporated under the laws of the State of Connecticut, with its principal place of business in Connecticut.

7.

That the matter in controversy exceeds the value of $75,000, exclusive of interest and costs. Indeed, Plaintiff has alleged in its Complaint that it has sustained damages of at least $500,000. Moreover, this is a civil action brought in a State Court of the State of Georgia, of which the United States District Courts have original jurisdiction because of diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §1332.

8.

That the pending action is one which Petitioner Hartford Insurance Company is entitled to remove to this Court pursuant to 28 U.S.C. §1332.

9.

That the pending action does not fall within any class of actions which, under applicable rules, laws, or statutes, is prevented from or limited in the right of removal.

10.

That, pursuant to 28 U.S.C. § 1446(d), notice of the filing of the removal of this action is being given to all parties in the pending action by filing a Notice of Removal to United States District Court, along with a copy of this Notice of Removal, in the pending action and by service upon all parties in accordance with applicable law.

WHEREFORE, Petitioner prays that this Notice of Removal be filed and that said action be removed to and proceed in this Court and that no further proceedings be had in the said case in the State Court of Fulton County, Georgia.

Respectfully submitted this ___ **15** ___ day of October, 2003.

**HAWKINS & PARNELL, LLP**

Frank C. Bedinger, III
Georgia Bar No.: 046675
Tammy L. Tomblin
Georgia Bar No. 343505

4000 SunTrust Plaza
303 Peachtree Street
Atlanta, Georgia 30308
404-614-7400

9937984 v1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| THE PARADIES SHOPS, INC.,     ) | |
|                      ) | CIVIL ACTION |
|    Plaintiff,       ) | |
| vs.                    ) | FILE NO: |
|                      ) | |
| HARTFORD FIRE INSURANCE   ) | |
| COMPANY, INC.,         ) | |
|                      ) | |
|    Defendant.      ) | |

**STATE OF GEORGIA**
**COUNTY OF FULTON**

PERSONALLY APPEARED before me, the undersigned officer of said State and County, duly authorized to administer oaths, Tammy Tomblin, who being first duly sworn, deposes and says on oath that she is an attorney for Hartford Fire Insurance Company, and that the contents and the statements and allegations contained in the within and foregoing Notice of Removal are true to the best of her knowledge and belief.

Tammy L. Tomblin
Georgia Bar No. 343505

Sworn to and subscribed to before me
this _15th_ day of _October_, 2003.

Notary Public
My Commission Expires: _____

9937984 v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

THE PARADIES SHOPS, INC.,    )
                        )    CIVIL ACTION
    Plaintiff,        )
vs.                  )    FILE NO:
                        )
HARTFORD FIRE INSURANCE    )
COMPANY, INC.,          )
                        )
    Defendant.      )

## AFFIDAVIT OF FILING OF NOTICE OF REMOVAL IN STATE COURT OF FULTON COUNTY

**STATE OF GEORGIA
FULTON COUNTY**

PERSONALLY APPEARED before me, the undersigned officer duly authorized by law to administer oaths, Tammy Tomblin, who being first duly sworn, on oath depose and say that she is an attorney for Hartford Fire Insurance Company, in the above-styled case. Deponent further says on oath that, as such attorney, she has filed a copy of the Notice of Removal with the Clerk of the State Court of Fulton County, Georgia.

Tammy L. Tomblin
Georgia Bar No. 343505

Sworn to and subscribed to before me
this 15th day of October, 2003.

Neane S. Smith
Notary Public
My Commission Expires: _____



9937984 v1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| THE PARADIES SHOPS, INC., | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| vs. | ) | FILE NO: |
| | ) | |
| HARTFORD FIRE INSURANCE | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE TO PLAINTIFFS OF REMOVAL TO FEDERAL COURT

TO:   Scott F. Bertschi
      Michelle M. Kahoiwai
      Arnall Golden Gregory LLP
      2800 One Atlantic Center
      1201 West Peachtree Street
      Atlanta, Georgia 30309
      (404) 873-8500
      *Counsel for Plaintiffs*

YOU ARE HEREBY notified of the filing of a Notice of Removal to the United States District Court for the Northern District of Georgia, Atlanta Division, of the case of entitled The Paradies Shops, Inc., vs. Hartford Fire Insurance Company, Inc., Civil Action File No: 03-VS-056327, in the State Court of Fulton County, Georgia, in accordance with the provisions of Section 1446, Title 28 of the United States Code. Copies of said Petition are attached hereto.

9937984 v1

DATED this ___15___ day of October, 2003

HAWKINS & PARNELL, LLP

Frank C. Bedinger, III
Georgia Bar No.: 046675
Tammy L. Tomblin
Georgia Bar No. 343505

4000 SunTrust Plaza
303 Peachtree Street
Atlanta, Georgia 30308
404-614-7400

9937984 v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| THE PARADIES SHOPS, INC., | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| vs. | ) | FILE NO: |
| | ) | |
| HARTFORD FIRE INSURANCE | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served counsel in the foregoing matter with a copy of the foregoing **NOTICE TO PLAINTIFFS OF REMOVAL TO FEDERAL COURT** by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

> Scott F. Bertschi
> Michelle M. Kahoiwai
> Arnall Golden Gregory LLP
> 2800 One Atlantic Center
> 1201 West Peachtree Street
> Atlanta, Georgia 30309
> (404) 873-8500
> *Counsel for Plaintiffs*

9937984 v1

Respectfully submitted this ___/5___ of October, 2003.

**HAWKINS & PARNELL, LLP**

Frank C. Bedinger, III
Georgia Bar No.: 046675
Tammy L. Tomblin
Georgia Bar No. 343505

4000 SunTrust Plaza
303 Peachtree Street
Atlanta, Georgia 30308
404-614-7400

9937984 v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| THE PARADIES SHOPS, INC., | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| vs. | ) | FILE NO: |
| | ) | |
| HARTFORD FIRE INSURANCE | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel in the foregoing matter with a copy of the foregoing **NOTICE OF REMOVAL** with Exhibit "A", attached thereto, together with Attorney's Affidavit, Affidavit of Filing in State Court and Notice of Filing by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

> Scott F. Bertschi
> Michelle M. Kahoiwai
> Arnall Golden Gregory LLP
> 2800 One Atlantic Center
> 1201 West Peachtree Street
> Atlanta, Georgia 30309
> (404) 873-8500
> *Counsel for Plaintiffs*

The undersigned further certifies that this document has been prepared in Courier New, 12 point type, in accordance with Local Rule 5.1B.

9937984 v1

Respectfully submitted this ___15___ day of October, 2003.

                                        **HAWKINS & PARNELL, LLP**


                                        _____
                                        Frank C. Bedinger, III
                                        Georgia Bar No.: 046675
                                        Tammy L. Tomblin
                                        Georgia Bar No. 343505

4000 SunTrust Plaza
303 Peachtree Street
Atlanta, Georgia 30308
404-614-7400

9937984 v1

# EXHIBIT A

IN THE STATE OF FULTON COUNTY
STATE OF GEORGIA

SEP 16 2003

THE PARADIES SHOPS, Inc.          :
                                  :
        Plaintiff,                :
                                  :          Civil Action File
vs.                               :          No.: _____
                                  :
HARTFORD FIRE INSURANCE           :
COMPANY, Inc.                     :
                                  :          LAW DEPARTMENT
        Defendant.                :
                                  :          SEP 16 '03
_____  :
                                             RECEIVED

## COMPLAINT

Plaintiff The Paradies Shops, Inc. ("Paradies") files and serves this, its Complaint against

Defendant Hartford Fire Insurance Company ("Hartford") seeking coverage under a business

interruption insurance policy for losses it sustained as a result of the tragedies of September 11,

2001, and alleges as follows:

### PARTIES, JURISDITION, AND VENUE

1.

Paradies is an Atlanta-based, family-owned business that operates newsstands, gift shops,

and retail stores in airports throughout the country. Paradies is incorporated under the laws of

the State of Georgia and is duly authorized to do business in this State.

2.

Hartford is a foreign insurance company that regularly conducts business in the State of

Georgia and issued the insurance policy that is the subject of this lawsuit in the State of Georgia.

Accordingly, jurisdiction is proper in this Court pursuant to O.C.G.A. § 9-10-91.

**3.**

Service may be made on Hartford on its registered agent for service of process, CT
Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

**4.**

Venue is proper in this Court pursuant to O.C.G.A. § 33-4-1(4) because Paradies is a
resident of Fulton County.

## BACKGROUND FACTS

**5.**

Paradies first started business in 1960 and, since then, has expanded its operations to
include over 300 stores in 58 different airports around the country.

**6.**

In an effort to protect its property and insure its interests, Paradies sought to purchase
insurance coverage from Hartford. Recognizing that maintaining shops in airports poses a
unique risk of closure, Paradies specifically raised with Hartford the concern of business
interruption and sought to insure against that risk.

**7.**

As a result, Hartford issued to Paradies a "Property Choice" Policy of Insurance, Policy
No. 20 UUM UW7810 (the "Policy"), a true and correct copy of which is attached hereto as
Exhibit 1 and incorporated herein by reference. The Policy provided up to $5 million in
"business income" insurance on an occurrence basis for a policy period of July 1, 2001 to July 1,
2002, pursuant to a form entitled Special Business Income Form (Business Interruption).

2

8.

The Special Business Income Form provides certain "Civil Authority Coverage," which states as follows:

> This insurance is extended to apply to Business Income and Extra Expense loss
> when access to insured premises is specifically prohibited by order of a civil
> authority as the direct result of a Covered Cause of Loss to property away from
> your premises.

Policy, Special Business Income Form, 4. Additional Coverages, a. Civil Authority Coverage.

9.

On September 11, 2001, terrorists executed a coordinated attack on United States interests around the country using hijacked airplanes as weapons and causing severe property damage and loss of life.

10.

As a direct result of the attack, the Federal Aviation Administration banned all takeoffs and landings at all airports in the United States by 11:00 a.m. on September 11, 2001. The national ground-stop was not lifted until September 13, 2001.

11.

The national ground-stop resulted in the closure of airports and prohibited access to the shops run by Paradies.

12.

Paradies timely and properly submitted a claim under the Policy for the loss it sustained as a result of the closure of the airports.

3

**13.**

Hartford has refused to pay the claim, contending that it is not covered.

## COUNT I – BREACH OF CONTRACT

**14.**

Paradies incorporates herein by reference the allegations set forth in paragraphs 1 through 13 above.

**15.**

Hartford and Paradies entered into a valid and binding contract of insurance under which Hartford agreed to pay for Paradies' lost business income and extra expenses when access to the Paradies' shops is denied by a civil authority as a result of a covered cause of loss away from the Paradies' premises.

**16.**

The death and destruction caused by the terrorists constitutes a "covered cause of loss" away from the Paradies' premises.

**17.**

As a direct result of the covered cause of loss, civil authority closed all or some of the airports in which Paradies had shops, thereby prohibiting access to those shops.

**18.**

Accordingly, the Policy provides coverage for the business income lost and extra expenses suffered by Paradies as a result of the terrorist attacks.

**19.**

Paradies has complied with all conditions to coverage under the Policy.

4

'20.

Hartford has breached its obligations under the Policy by refusing to pay the claim.

21.

As a result of Hartford's breach, Paradies has suffered damages in an amount not less than $500,000.

## COUNT II – BAD FAITH

22.

Paradies incorporates herein by reference the allegations set forth in paragraphs 1 through 21 above.

23.

Paradies made a reasonable demand on Hartford to pay the lost business income and extra expenses caused by the closure of the airports.

24.

Hartford refused to pay the claim within 60 days of the date of the demand.

25.

In fact, Hartford even failed to make any factual investigation into the cause of the closure of the Paradies' shops or determine the amount of business income lost or extra expenses incurred.

26.

Hartford's refusal to pay was in bad faith because Hartford lacked a reasonable and probable cause for denying the claim and because Hartford failed to properly investigate the claim.

27.

Accordingly, Paradies is entitled to recover additional damages, including but not limited to those damages set forth in O.C.G.A. § 33-4-6.

WHEREFORE, Plaintiff The Paradies Shops, Inc. prays for the following relief:

(a)     That a trial by a jury of twelve be had;

(b)     That judgment be entered against Defendant Hartford Fire Insurance Company for all damages sustained and as established at trial;

(c)     That all costs of this action and all attorneys fees of Plaintiff The Paradies Shops, Inc. be assessed against Defendant Hartford Fire Insurance Company; and

(d)     That this Court award Plaintiff The Paradies Shops, Inc. such other and further relief as the Court deems just and proper.

Respectfully submitted this 10th day of September, 2003.


                              ARNALL GOLDEN GREGORY LLP


                              Scott F. Bertschi
                              Georgia Bar No. 355716
                              Michelle M. Kahoiwai
                              Georgia Bar No. 405099

2800 One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 873-8500
(404) 873-8501 (fax)

                              *Attorneys for Plaintiff*

6

**COPY**

GEORGIA
FULTON COUNTY

DO NOT WRITE IN THIS SPACE

03U80 56327A

STATE COURT OF FULTON COUNTY
(Civil Division)

FILED IN OFFICE

03 SEP 10 AM 8:48

_____ SEARCY
CLERK STATE COURT OF
FULTON COUNTY, GEORGIA

The Paradies Shops, Inc

(Plaintiff's Name and Address)
vs.

Hartford Fire Insurance Co. Inc
% C T Corporation System
1201 Peachtree St. N.E.
(Defendant's Name and Address)
Atlanta Ga. 30361

**SUMMONS**

| TYPE OF SUIT | AMOUNT OF SUIT | |
|---|---|---|
| ☐ Account | Principal | $ |
| ☐ Contract | | |
| ☐ Note | Interest | $ |
| ☐ Tort | | |
| ☐ Trover | Atty. Fees | $ |
| ☐ Special Lien | | |
| ☐ Foreign Judgment | Ct. Costs | $ |
| ☐ Personal Injury | | |

TO THE ABOVE NAMED-DEFENDANT:
    You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Scott Bertschi
(Name)
1201 West Peachtree St Suite 2800
(Address)
Atlanta Ga. 30309-3450
(Phone No.) 404-873-8500

an answer to the complaint which is herewith served on you, within (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action.
This _____ 9/10/03 _____

_____ Deputy Clerk

DEFENSE MAY BE MADE, AND JURY TRIAL DEMANDED, if desired, in the Clerk's Office at TG100, 185 Central Avenue, SW, (Between MLK, Jr. Drive and Mitchell Street), Atlanta, Georgia 30303.

    If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the DEFENDANT'S ANSWER MUST BE SWORN TO.

    If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00 and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn Answer setting up the facts relied on as a defense.

SERVED: This _____ day of _____, 20_____.

_____
DEPUTY MARSHAL STATE COURT OF FULTON COUNTY

(Staple to front of SERVICE COPY of complaint)

14-014-1094